Timothy M. Keegan, CA Bar No. 251085
tim.keegan@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
15 W. South Temple, Suite 950
Salt Lake City, UT  84101
Telephone:   801-658-6002
Facsimile:   385-360-1707

Attorneys for Defendant Day
Management Corporation (dba) Day
Wireless Systems

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL KASTIELLE, an individual,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>DAY MANAGEMENT CORPORATION (DBA) DAY WIRELESS SYSTEMS, an Oregon Corporation; and DOES 1 through 25, inclusive,<br><br>　　　　　Defendants. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SEC. 1332 AND 1441**<br><br>*[Filed concurrently herewith: Civil Cover Sheet, Declarations of Timothy M. Keegan and Dave Tinio; Accompanying Exhibits; Request for Judicial Notice; Notice of Interested Parties]*<br><br>State Action Filed: June 24, 2025<br>Removal Date: July 30, 2025 |

TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Day Management Corporation (dba) Day Wireless Systems ("Defendant"), petitions the Court to remove this action from the Superior Court of the State of California for the County of Solano to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§

1

1332 and 1441(b) because complete diversity of citizenship exists between Plaintiff Paul Kastielle ("Plaintiff"), a citizen of the State of California, and Defendant, citizens of the State of Delaware and the State of Utah; that the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in section 1332(a); and that the foregoing Complaint was true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this Notice of Removal, as more fully set forth below on the following grounds:

I.      THE STATE COURT ACTION

1.      On or about June 24, 2025, Plaintiff filed a Complaint against Defendant in Solano County Superior Court, Case Number CU25-05741.

2.      On June 30, 2025, Plaintiff personally served the following documents: Summons, Complaint, Notice of Case Assignment and Notice of Hearing, and Civil Case Cover Sheet, pursuant to California Code of Civil Procedure section 1054.

3.      Plaintiff's Complaint in this matter is attached as Exhibit A.  All other documents filed in California State Court (other than Defendant's Answer) are attached hereto collectively as Exhibit B.

4.      The Complaint alleges the following causes of action: (1) Disability Discrimination in Violation of FEHA; (2) Failure to Engage in a Good Faith Interactive Process in Violation of FEHA; (3) Failure to Accommodate in Violation of FEHA; (4) Retaliation in Violation of FEHA; (5) Failure to Take All Reasonable Steps to Prevent Discrimination and/or Retaliation; (6) Violation of the CFRA; (7) Retaliation in Violation of the CFRA; (8) Violation of Labor Code §6310; (9) Violation of Labor Code §1102.5; (10) Wrongful Termination in Violation of Public Policy; (11) Failure to Provide Meal Periods; (12) Failure to Provide Rest Periods; (13) Waiting Time Penalties; (14) Failure to Provide and Maintain Accurate Wage Statements and Records; and (15) Unfair Business Practices. See Exhibit A.

/ /

/ /

2
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

5. On July 30, 2025, Defendant filed an answer in Solano County Superior Court. A true and correct copy of Defendant's answer is attached hereto as Exhibit C.

## II. REMOVAL IS TIMELY

6. A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and Complaint to remove the action to federal court. 28 U.S.C. section 1446(b) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (faxed file-stamped copy of Complaint did not trigger removal period).

7. Here, removal is timely because Defendant is filing this Notice of Removal within thirty (30) days of when service on Defendant was completed. See Fed. R. Civ. P. 26. Plaintiff served the Complaint, Summons, and other accompanying documents via personal service on June 30, 2025.

## III. COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

8. <u>Plaintiff is a Citizen of California</u>. See Exhibit A, para. 1. For diversity purposes, a person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he resides with the intention to remain or to which she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of the State of California. See Exhibit A, para. 1 ("Plaintiff is, and at all times relevant hereto was a resident of the State of California, County of Solano.").

9. <u>Defendant is a citizen of Oregon</u>. Defendant is now and was at the time of the filing of this action, a citizen of states other than California within the meaning of 28 U.S.C. section 1332(c)(1). For diversity purposes, "a corporation shall be

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. section 1332(c)(1).

10. The United States Supreme Court, in *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010), held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." And in practice it should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center."

*Id*. at 92-93.

11. At the time of the filing of Plaintiff's Complaint, Defendant was, and still is, a citizen of states other than California. At the time of the filing of Plaintiff's Complaint, Defendant was, and still is, a corporation organized and incorporation under the laws of the State of Delaware. Declaration of Dave Tinio ("Tinio Decl."), para 3. At the time of the filing of Plaintiff's Complaint, Defendant was and still is a corporation with its principal place of business in Milwaukie, Oregon. Tinio Decl., para 4.

12. The Citizenship of "Doe Defendants" Must Be Disregarded. The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(a). This Court has jurisdiction over the case based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), in that, Plaintiff is a citizen of California and all Defendants are not citizens of California. Therefore, complete diversity among the parties exists now, and did so at the time of

the filing of Plaintiff's Complaint on June 24, 2025.

**IV.   THE AMOUNT IN CONTROVERSY EXCEEDS AN AGGREGATE OF $75,000, EXCLUSIVE OF INTEREST AND COSTS**

13.   Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the value of Plaintiff's claims exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F. 3d 398, 404 (9th Cir. 1996); *Lucett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999).  In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including mental and emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980-81 (9th Cir. 2005); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).  These damages include those that can reasonably be anticipated at the time of removal, not merely those already incurred. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002); see also *Celestino v. Renal Advantage Inc.*, No. C 06-07788 JSW, 2007 WL 1223699 (N.D. Cal. April 24, 2007) ("[T]he amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal.").

14.   This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, was satisfied at the time of the filing of this action, and still is satisfied, by the Complaint set forth herein and more specifically described below.

15.   Based on Plaintiff's Complaint, Plaintiff seeks to recover: general and special damages; exemplary damages; attorneys' fees; and costs of suit.  See Exhibit A, Prayer for Relief at p. 26.  Based on the allegations in the Complaint, Defendant's conservative, good-faith estimate of the value of this action if Plaintiff were to prevail, the damages that he seeks is well in excess of $75,000.

//

//

### A.   Lost Earnings

16.   In his Complaint, Plaintiff alleges he suffered "loss of wages, fringe benefits, and job benefits." See e.g., Exhibit A, para. 29.  In other words, Plaintiff seeks back wages and future lost pay.  Plaintiff earned $35.48 per hour during his employment with Defendant.  Tinio Decl., para. 5.  At an average of 40-hours per week, this equates to approximately $72,734 per year.  Plaintiff's employment ended in May of 2025, over one year ago. Accordingly, and presumably, Plaintiff would argue he currently seeks at least 14 months of back-pay, or approximately $84,856. This amount does not include front-pay to which Plaintiff also contends he is entitled.

### B.   Emotional Distress Damages

17.   Plaintiff alleges in his Complaint that he suffered emotional distress as a result of Defendant's conduct. See, e.g., Exhibit A, para. 28.  Unspecified mental and emotional distress damages are properly considered in calculating the amount in controversy.  See *Simmons*, *supra*, 209 F. Supp. 2d at 1031–35.

18.   To establish the amount of emotional distress damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous Complaints.  See *Simmons*, *supra*, 209 F. Supp. 2d at 1033; *Faulkner v. Astro-Med, Inc.*, 1999 U.S. Dist. LEXIS 15801, *4 (N.D. Cal. 1999).  In California, courts have awarded substantial damages for emotional distress in employment cases alleging discrimination and retaliation.  See, e.g., *Juarez v. Autozone Stores, Inc.*, 2014 WL 7017660 (S.D. Cal. 2014) (pain and suffering award of $250,000 in discrimination case); *Palma v. Rite Aid Corp.*, 2012 WL 3541952 (L.A. County Sup. Ct.) (award of $3,000,000 in pain and suffering to employee who was terminated after taking medical leaves of absence); *Espinoza v. County of Orange*, 2009 WL 6323832 (Orange County Sup. Ct.) (awarding plaintiff $500,000 in emotional distress damages for disability discrimination and harassment); *Lopez v. Bimbo Bakeries USA Inc.*, 2007 WL 4339112 (San Francisco Super. Ct.) (awarding the plaintiff $122,000 in emotional distress damages for wrongful termination, failure to prevent discrimination and

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

failure to accommodate a pregnant employee who provided note that he needed work restriction and then was terminated shortly thereafter); *Royal v. Los Angeles Community College District*, 2007 WL 1708023 (L.A. County Sup. Ct.) (awarding the plaintiff $65,000 in emotional distress damages for pregnancy discrimination). True and correct copies of these verdicts are attached as Exhibit D to the Declaration of Timothy M. Keegan ("Keegan Decl.") at ¶ 3.

### C.    Punitive Damages

19.    Plaintiff's Complaint also seeks recovery for punitive or exemplary damages. See, e.g., Exhibit A, para. 40 ("Plaintiff alleges that Defendant, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive, and despicable conduct and acted with willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the award of punitive and exemplary damages in an amount to be determined at trial.").

20.    "Where both actual and punitive damages are recoverable under a Complaint, each must be considered to the extent claimed in determining jurisdictional amount." *Bell vs. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943); *Gibson*, *supra*, 261 F.3d at 945 ("It is well established that punitive damages are part of the amount in controversy in a civil action."); *Simmons*, 209 F.Supp.2d at 1033 (court may consider punitive damages recoverable under FEHA when determining the amount in controversy).

21.    California courts have awarded plaintiffs significant punitive damages in employment actions alleging discrimination or retaliation. See *Lopez*, *supra*, 2007 WL 4339112 (San Francisco Sup. Ct.) ($2,000,000 punitive damages award to an employee who sued for pregnancy discrimination, on top of a $122,000 emotional distress damages award); *Juarez, supra*, 2014 WL 7017660 (S.D. Cal. 2014) (punitive damages award of $185,000,000 in discrimination case); *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1,900,000, equal to the

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

compensatory damage award, was appropriate in FEHA case); *Robinson v. Mantra Films, Inc.*, 2006 WL 3198969 (L.A. County Sup. Ct.) (plaintiff in pregnancy discrimination case claiming $12,964 in back wages, was awarded $137,930 in unspecified damages by an arbitrator); and *Tiffany v. O'Reilly Auto Stores, Inc.*, 2013 WL 4894307 (E.D. Cal. 2013) (noting in pregnancy discrimination case that the $75,000 threshold would be "easily met" by adding $47,920.00 in projected lost wages to emotional distress damages, punitive damages, and statutory attorney's fees likely to be in excess of $27,280.00). True and correct copies of these verdicts are attached as Exhibit D to Keegan Decl. at ¶ 3.

### D.    Attorneys' Fees

22.    Attorneys' fees may be included in the amount in controversy if recoverable by statute or contract. *Galt G/S*, *supra*, 142 F.3d at 1155-56. Attorneys' fees are recoverable as a matter of right to the prevailing party under the California Fair Employment and Housing Act ("FEHA"), as well as under California Labor Code section 1102.5. See Cal. Gov. Code section 12965, Labor Code section 1102.5(j).

23.    Here, Plaintiff seeks attorneys' fees under his FEHA claims. See, e.g., Exhibit A, p. 27. Thus, the Court must consider Plaintiff's request for attorneys' fees in assessing the amount-in-controversy requirement.

24.    Courts have awarded far in excess of $75,000 in attorneys' fees in FEHA cases. See, e.g., *Beasley v. East Coast Foods, Inc.*, Case No. BC509995 (L.A. County Sup. Ct.) (attorney's fees award of $1,514,140 in FEHA case). A true and correct copy of this verdict is attached as Exhibit D to Keegan Decl., para. 1.

25.    Defendant anticipates depositions being taken in this case and that Defendant will file a Motion for Summary Judgment. Based on defense counsel's experience, it is more likely than not that the fees will exceed $75,000 through discovery and a summary judgment hearing, and the fees would exceed $75,000 if the case proceeds to trial. See Keegan Decl., para. 1.

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

26. Accordingly, based on a good-faith estimate of the value of the claims asserted on the Complaint of the Complaint, it is "more likely than not" that the amount at issue in this lawsuit exceeds the minimum amount required for diversity jurisdiction. *Sanchez*, *supra*, 102 F.3d at 404; see, e.g., *Simmons*, *supra*, 209 F. Supp. 2d at 1031-1035 (finding that the plaintiff's alleged lost income of $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional damages, punitive damages, and attorneys' fees anticipated to incur through trial, satisfy the amount in controversy required to establish diversity jurisdiction); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorneys' fees and punitive damages, was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction, even though Plaintiff had only specified $13,000 in damages from lost income at the time of removal); and *Thompson v. Big Lots Stores, Inc.*, 2017 WL 590261 (E.D. Cal. 2017) (finding that pregnancy discrimination claim praying for economic damages and unspecified emotional distress, punitive damages, and attorney's fees satisfied the amount in controversy required to establish diversity jurisdiction, even though the plaintiff had only incurred $27,027 in lost wages at the time of removal). True and correct copies of these verdicts are attached as Exhibit D to Keegan Decl., para. 3.

27. This Court has original jurisdiction over the case pursuant to 28 U.S.C. §§ 1332(a) and 1441(a), on the basis that the amount in controversy exceeds the requisite $75,000, exclusive of interest and costs.

**V.    THE REQUIREMENTS OF 28 U.S.C. SECTION 1446 ARE MET**

28. In accordance with 28 U.S.C. section 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending. The Superior Court of California, County of Solano, is located within the Eastern District of California. Therefore, venue is proper in this Court, because it is the "district and

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

division embracing the place where such action is pending." 28 U.S.C. section 1441(a).

29. In accordance with 28 U.S.C. § 1446(b), Defendant's Notice of Removal was filed within 30 days after service of the Complaint pursuant to California Code of Civil Procedure section 415.30.

30. In accordance with 28 U.S.C. section 1446(a), Exhibits A, B & C, attached hereto, contain copies of all process, pleadings, and orders served upon Plaintiff, Defendant, or the Court.

31. In accordance with 28 U.S.C. section 1446(d), Defendant will give written notice of the original removal of this action to Plaintiff via his counsel and file a copy of that Notice with the Superior Court of California, San Joaquin County.

32. In the event this Court has a question regarding the propriety of this Notice of Removal, Defendant requests that the Court issue an Order to Show Cause so that Defendant may have an opportunity to more fully brief the basis for this removal.

WHEREFORE, Defendant removes the above-referenced action to this Court.

DATED:  July 30, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Timothy M. Keegan*
Timothy M. Keegan
Attorneys for Defendant Day Management Corporation (dba) Day Wireless Systems

10

## PROOF OF SERVICE
*Paul Kastielle v. Day Management Corporation.; et al.*

I, Anna L. Collins, declare:

I am a citizen of the United States and employed in Salt Lake County, State of Utah. I am over the age of eighteen years and not a party to the within entitled action. My business address is 15 W. South Temple, Suite 950, Salt Lake City, UT 84101. On July 30, 2025, I served true and correct copies of the following document(s) on all counsel of record (addressees listed below):

## NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. SEC. 1332 AND 1441

☒ **BY ELECTRONIC FILING:** I filed the above-listed document(s) with this Court using the CM/ECF filing system which sent notification of such filing to all counsel of record.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused the documents to be sent to the following addresses:

**Service List/Addressees:**
Kane Moon, CA Bar No. 249834
Christopher L. Garcia, CA Bar No. 306082
Tamar Chobanian, CA Bar No. 343815
MOON LAW GROUP, PC
725 S. Figueroa Street, 31st Floor
Los Angeles, CA 90017
kmoon@moonlawgroup.com
cgarcia@moonlawgroup.com
tchobanian@moonlawgroup.com
Attorneys for Plaintiff PAUL KASTIELLE

I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on July 30, 2025 Salt Lake City, Utah.

Anna L. Collins
anna.collins@ogletree.com

*/s/ Anna L. Collins*
Signature

90953595.v1-OGLETREE

11
DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION